**Modify and Affirm and Opinion Filed February 19, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-11-01496-CR
_____

### ANTONIO FLORES GONZALEZ, Appellant

### V.

### THE STATE OF TEXAS, Appellee

_____

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F10-33775-T**

_____

# MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Richter[1]
Opinion by Justice Lang-Miers

Appellant Antonio Flores Gonzalez waived his right to a jury trial and pleaded not guilty before the court to indecency with a child. The trial court found appellant guilty and sentenced him to two years' imprisonment. In three issues, appellant challenges the State's closing argument. In a fourth issue, appellant challenges the trial court's assessment of attorney's fees. We reform the trial court's judgment to delete the assessment of attorney's fees and otherwise affirm the judgment. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

_____

[1]The Honorable Martin E. Richter, Retired Justice, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

The State charged appellant with unlawfully engaging in sexual contact with a minor, his niece, by contacting the complainant's breast with his hand with the intent to arouse and gratify his sexual desire. On the day of trial, appellant decided to waive a jury in exchange for the State's agreement to recommend the minimum sentence of two years' imprisonment. Defense counsel cautioned appellant against waiving a jury and the trial court admonished appellant about his rights. Appellant persisted in waiving a jury, and the court accepted appellant's jury trial waiver. Following the presentation of evidence and in closing argument, defense counsel argued, in part:

> Judge you were here a long time. I've been here a pretty good while. You've been here a lot longer than I have. When someone's in jail on a charge like this, looking at two to 20 years, and they get – and sex offense registration, mind you, here legally in the United States, and they get offered, in jail because of the immigration hold now, and they get offered a two year deferred adjudication on a reduced charge with no sex offender registration, two year deferred, almost everybody jumps at that. There's only one type of person that won't take that deal, Judge, if they're not guilty.

> Not only did he not take that deal and elected to remain in jail, he stayed in jail. The State wasn't ready on this case many times. I finally petitioned the Court because we had witnesses coming in from Monterrey, Mexico, 18 hour one-way trips on a bus, I had them here four or five times and never went to trial. The Judge granted a PR Bond to a man with an immigration hold. The Judge signed it because he had to leave, he signed it for me. I had a PR Bond signed. I just needed Mr. Gonzalez' signature. He turned it down, Judge, because he didn't want to be deported before he could answer to this charge and show that he was not guilty. That's why he's cooperated with every step, every step. That's what an innocent man does, Judge. That's what a man does who's not guilty.

The State responded to appellant's closing argument as follows:

> As far as the Defendant being offered two years deferred adjudication and him not taking it, well, Your Honor, that doesn't mean that he's innocent. It simply means that he has a family and he's told his family, look, I didn't do this, and so that's why he had– I [sic] assuming that's why he turned down the deal, because he doesn't want his siblings and his daughter and his wife to think that he touched his niece's –

2

Defense counsel objected stating that the argument was "commenting on the Defendant's right to not testify, putting statements in." The trial court overruled the objection.

In issues one, two, and three, appellant argues that the State impermissibly commented on his failure to testify in violation of the federal and state constitutions and state statute and the trial court erred by overruling his objection. We disagree.

It is constitutional error for the trial court or the prosecution to comment on a defendant's failure to testify. *Cruz v. State*, 225 S.W.3d 546, 548 (Tex. Crim. App. 2007); *Bustamante v. State*, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001). The test for determining whether an argument commented on a defendant's failure to testify "is whether the language used was manifestly intended or was of such a character that the jury would necessarily and naturally take it as a comment on the defendant's failure to testify." *Cruz*, 225 S.W.3d at 548. In making this determination, we must consider the context in which the statement was made. *Id*. If the argument is improper, we must reverse unless we conclude beyond a reasonable doubt that the error did not contribute to the conviction. TEX. R. APP. P. 44.2(a).

Appellant argues that his "defense strategy was centered around the fact that Appellant did everything an innocent man would do—deny the allegations, cooperate with police, refuse a PR bond, and not plead guilty simply to get out of jail more quickly." He contends that the State's argument "only served to emphasize the fact that Appellant had elected not to testify." Assuming that counsel's objection preserved these issues for our review, we conclude that the State's argument was a direct response to appellant's closing argument. *See Davis v. State*, 329 S.W.3d 798, 821 (Tex. Crim. App. 2010) (proper jury argument includes answer to argument of opposing counsel); *Nethery v. State*, 692 S.W.2d 686, 703 (Tex. Crim. App. 1985) (same). The State did not comment about appellant's failure to testify at trial. Instead, it answered appellant's

argument by urging that there were other reasons why appellant might have decided to reject a plea bargain and refuse to sign a PR bond—one of which could be that appellant did not want to admit to family members that he was guilty.

Even if the argument was improper, however, appellant has not shown how the error harmed him. This trial was nonjury. The trial court had just instructed appellant that he had "an absolute right to remain silent" and if he chose to exercise that right the court would "attach no significance to it. I will not say to myself well, he must be guilty, otherwise he would have testified. I'll just not consider it for any purpose." It is clear from the record that the trial court was well aware that it could not infer appellant's guilt from his failure to testify. Having reviewed the record, we conclude beyond a reasonable doubt that the comment did not contribute to the conviction. We resolve issues one, two, and three against appellant.

In issue four, appellant argues that the judgment should be reformed to delete the portion of court costs that includes attorney's fees. The State concedes that appellant was indigent when trial began, that the evidence is insufficient to show that his status changed, and that there is no support in the record for the trial court's assessment of attorney's fees against appellant. *See* TEX. CODE CRIM. PROC. ANN. art. 26.04(p), 26.05 (West Supp. 2012). The State agrees that the judgment assessed attorney's fees in the amount of $250 as part of the court costs against appellant. We sustain appellant's fourth issue and reform the judgment to delete court costs in the amount of $840 and to assess court costs in the amount of $590.

As reformed, we affirm the trial court's judgment.

_____
ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111496F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTONIO FLORES GONZALEZ,
Appellant

No. 05-11-01496-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 283rd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F10-33775-T.
Opinion delivered by Justice Lang-Miers,
Justices Myers and Richter participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Court costs in the amount of $840 is deleted and court costs in the amount of $590 is inserted.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 19th day of February, 2013.

ELIZABETH LANG-MIERS
JUSTICE